NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN SALGADO TAMPA,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 25-2186<br><br>Agency No.<br>A206-407-465<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2026**
Pasadena, California

Before: LEE, KOH, and DE ALBA, Circuit Judges.

Jose Salgado Tampa, a native and citizen of Mexico, seeks review of a decision from the Board of Immigration Appeals ("BIA") dismissing his appeal of an Immigration Judge's ("IJ") denial of his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction to review constitutional claims and questions of law under 8 U.S.C. § 1252(a)(2)(D). Such claims include "mixed questions of law and fact" like the application of facts to the "exceptional and extremely unusual hardship" standard. *Wilkinson v. Garland*, 601 U.S. 209, 217–19, 222 (2024). We review hardship determinations for substantial evidence. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1005 (9th Cir. 2025). "We review determinations of purely legal questions, including claims of due process violations, de novo." *Gonzaga-Ortega v. Holder*, 736 F.3d 795, 800 (9th Cir. 2013).

Substantial evidence supports the agency's determination that Salgado Tampa has not demonstrated that his United States citizen son would suffer the requisite level of hardship if Salgado Tampa were removed to Mexico. An applicant may qualify for cancellation of removal if he can show that his removal will result in "exceptional and extremely unusual hardship" to a United States citizen or lawful permanent resident spouse, parent, or child. *Gonzalez-Juarez*, 137 F.4th at 999.

Here, the IJ considered the hardship factors Salgado Tampa claims the agency overlooked. The law does not require that the IJ "individually identify and discuss every piece of evidence in the record." *Hernandez v. Garland*, 52 F.4th 757, 770 (9th Cir. 2022). The evidence in record does not compel the conclusion that Salgado Tampa's son has special educational needs, a sufficiently serious health condition, or other circumstances that establish that Salgado Tampa's son would experience

exceptional and extremely unusual hardship beyond the common hardships of a parent's removal. *See Arteaga de Alvarez v. Holder*, 704 F.3d 730, 740 (9th Cir. 2012) ("Exceptional and extremely unusual hardship arises, for example, when the applicant['s] . . . 'qualifying child [has] very serious health issues, or compelling special needs in school.'"); *Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1013 (9th Cir. 2005) (explaining that the "sadly common hardships that can result when an alien parent is removed," such as a strong relationship suffering from the applicant's removal, do not constitute exceptional and extremely unusual hardship). Substantial evidence supports the agency's rejection of Salgado Tampa's hardship claim.

The BIA also properly denied Salgado Tampa's due process argument. Noncitizens in removal proceedings are entitled to "a full and fair hearing." *Oshodi v. Holder*, 729 F.3d 883, 889 (9th Cir. 2013). Salgado Tampa alleges that the IJ did not act as a neutral adjudicator and was prejudiced against him by interrupting testimony, failing to consider record evidence, and "aggressively bullying" Salgado Tampa's counsel. The record reflects that Salgado Tampa and his counsel were able to present their case fully and that the IJ considered and addressed the relevant evidence in record. While the IJ did on several occasions attempt to move proceedings forward to avoid irrelevant or cumulative testimony, he did not deny Salgado Tampa or his counsel "a full and fair hearing," *Oshodi*, 729 F.3d at 889. At no point did the IJ display a bias or otherwise violate Salgado Tampa's due

process rights. *See Arrey v. Barr*, 916 F.3d 1149, 1159 (9th Cir. 2019) (applicant failed to establish a due process violation where IJ was "harsh and rude" but held a "complete hearing and made a thorough decision that fully examined the underlying factual matters").

**PETITION DENIED.**[1]

---

[1] The Motion to Stay Removal (Dkt. No. 2) is denied upon the issuance of the mandate.

25-2186